Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000093
22-JAN-2018
09:18 AM

NO. CAAP-17-0000093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
GARY J. FOUMAI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-1538)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Gary J. Foumai (Foumai) challenges the imposition of restitution for his burglary conviction by the Circuit Court of the First Circuit (Circuit Court).[1]

I.

On September 28, 2016, in case number 1PC161001538,[2] Foumai was charged with Burglary in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-811 (2014)[3] for burglarizing a business office sometime between May 13, and

---

[1]     The Honorable Dean E. Ochiai presided.

[2]     During this proceeding, Foumai was also sentenced for various other offenses in four other criminal cases. None of those sentences are involved in this appeal.

[3]     HRS § 708-811 states:

§708-811 **Burglary in the second degree.** (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.

(2) Burglary in the second degree is a class C felony.

May 14, 2015. Foumai pleaded guilty to the charge,[4] admitting that he "entered Ian Mattoch's property . . . with the intent to commit a property crime therein," and was sentenced to a four-year term of probation. At the hearing on Foumai's motion to deny restitution, the State introduced by stipulation the police department's closing report (Closing Report) regarding this offense.

As summarized in the Closing Report,[5] on May 13, 2015, at approximately 6:00 p.m., when the last employee of The Offices of Ian Mattoch left the office for the day, the doors were closed and secured. Another employee, who was the first to arrive at the office at approximately 6:30 a.m. the following morning, discovered that the desk drawers in Ian Mattoch's (Mattoch) office were in the open position. Mattoch reported to the police that when he left his office for the day on May 13, 2015, his desk drawers were closed, and when he returned on May 14, 2015, they were open and "miscellaneous U.S. coins and paper currency" were missing from the top drawer. Other employees also submitted statements to the police, reporting that, when they returned to the office on the morning of May 14, 2015, they discovered an Apple iPad, a First Hawaiian Bank credit card, an Apple iPhone, a Cannon camera, and an Apple iPod missing from their respective desks.

The Closing Report summarized the statement of still another employee who identified the partially consumed bottle of Pepsi found on the morning of May 14, 2015, on a co-worker's desk, as the same one he had previously placed in the office refrigerator. As described in the Closing Report, the bottle was recovered by police, a latent fingerprint taken from the bottle was compared to "Live Scan" fingerprints taken from Foumai upon his arrest, and a police fingerprint technician determined the fingerprints matched.

---

[4] Foumai's plea was not pursuant to a plea agreement. However, as part of the change of plea colloquy, Foumai acknowledged that, as part of his sentence the Circuit Court could also impose inter alia, restitution.

[5] The Closing Report summarized the statements submitted to the police. The statements themselves were not included with the Closing Report.

At the restitution hearing, Foumai argued that "there is no evidence at all that [Foumai] caused [Mattoch's] losses. There is simply no evidence that [Foumai] took the items listed above." The State argued that "[t]he stolen items that constitute the complainant's loss in this case constitute the very evidence that provides [] proof of the element of intent to commit theft by defendant upon entry." Foumai did not present any exhibits, witnesses' testimony, or sworn statements.

The Circuit Court found "that the facts as set forth by the State convinced the Court that in fact the defendant did remove the articles complained of," and ordered restitution in the amount of $1,679.74. On January 24, 2017, the Circuit Court entered an Amended Judgment of Conviction and Probation Sentence which, among other things, ordered Foumai to pay restitution of $1,679.74 to Mattoch. This appeal followed.

II.

A.

Relying on State v. Domingo, 121 Hawai'i 191, 195, 216 P.3d 117, 121 (App. 2009), Foumai contends the Circuit Court erred by imposing restitution because no "causal relationship" was shown between the crime he was convicted of and the losses claimed. Foumai also argues that there was no evidence that Foumai took any items during the burglary to which he pleaded guilty. In addition, citing Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), Foumai claims the Circuit Court plainly erred by ordering restitution in violation of his due process rights under the Sixth and Fourteenth Amendments to the United States Constitution and article I, sections 5, 8, and 14 of the Hawai'i Constitution because it had "no supporting factual basis in the plea colloquy and beyond the maximum sentence allowable (absent at least the statutorily required 'verified loss')."

B.

HRS § 706-646(2) (2014) states in part, "[t]he court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim." Mattoch

and his employees requested restitution for items taken during the charged period and submitted evidence of replacement value in the total amount of $1,679.74.

In Phillips, the court stated:

> HRS § 706-646 requires a court to order restitution for "losses suffered by the victim or victims as a result of the defendant's offense." A party's conduct "is a legal cause of harm to another if . . . his conduct is a substantial factor in bringing about the harm." Knodle v. Waikiki Gateway Hotel, Inc., 69 Haw. 376, 390, 742 P.2d 377, 386 (1987) (quoting Restatement (Second) of Torts § 431 (Am. Law. Inst. 1965)). The conduct "need not have been the whole cause or the only factor . . . bringing about the . . . plaintiff's injuries," id. (quoting Mitchell v. Branch, 45 Haw. 128, 132, 363 P.2d 969, 973 (1961)), but some "nexus" is required in order to award restitution under HRS § 706-646. State v. Domingo, 121 Hawai'i 191, 195, 216 P.3d 117, 121 (App. 2009) (holding that where nexus was lacking, restitution could not be imposed).
>
> To determine whether a sufficient nexus exists for the application of HRS § 706-646, a court must determine whether the evidence supports a finding that the defendant's conduct was the cause of or aggravated the victim's loss. Id. at 195, 216 P.3d at 121 ("Absent evidence that [defendant's] conduct caused or aggravated [victim's] injuries or caused [victim's] death, no causal relationship between [defendant's] criminal act and a victim's losses is shown and restitution may not be imposed pursuant to HRS § 706-646.").

State v. Phillips, 138 Hawai'i 321, 352, 382 P.3d 133, 164 (2016).

The State bears the burden of establishing by a preponderance of the evidence a causal connection between the restitution requested and the crime with which the defendant is charged. State v. DeMello, 130 Hawai'i 332, 343, 310 P.3d 1033, 1044 (App. 2013) (DeMello I), reversed in part on other grounds by State v. DeMello, 136 Hawai'i 193, 361 P.3d 420 (2015). Here, Foumai pleaded to entering the Mattoch office with the intent to commit a crime against property rights between May 13 and 14, 2015. At the hearing on restitution, the State presented the Closing Report containing summaries of statements from each of the owners or users of the property taken. The State moved the Closing Report into evidence and in response Foumai stipulated the report into evidence. As summarized, each of the owners stated that when they returned to their desks on the morning of May 14, 2015, their property was missing from their respective desks. The closing report also indicated that a fingerprint

recovered from a soda bottle on one of the desks match Foumai's fingerprint. Foumai presented no contrary evidence. Based on this record, a sufficient "causal relationship" or nexus between the crime admitted by Foumai and the losses suffered was established.

Foumai's argument that there was insufficient evidence to prove he took the items claimed is also without merit. While it is true no direct evidence of theft was presented, direct evidence is not necessary. See State v. Murphy, 59 Haw. 1, 19, 575 P.2d 448, 460 (1978) ("it is elementary that a criminal case may be proven beyond a reasonable doubt on the basis of reasonable inferences drawn from circumstantial evidence.")

Here, the State made a prima facie showing. See, DeMello I, 130 Hawai'i at 344, 310 P.3d at 1045 ("where restitution is contested, the burden to present a prima facie showing . . . is best placed on the prosecution[.]") Foumai stipulated to admission of the police closing report during the restitution hearing. Although Foumai appears to argue on appeal that the Circuit Court relied on inadmissible evidence, he did not object below, instead stipulated the report be received into evidence and thus waived any challenge to this evidence. See State v. Naole, 62 Haw. 563, 570-71, 617 P.2d 820,826 (1980). The closing report contained a summary of a statement by Employee #2, in which the employee related that he was the only person in the office that drinks Pepsi, his partially consumed Pepsi bottle was no longer in the refrigerator where he had previously placed it but rather it was found on the desk of a co-worker and appeared to have been consumed by someone. The co-worker upon whose desk the soda bottle was found stated the bottle was not on her desk when she left the office on May 13, 2015. Foumai's fingerprints were matched to fingerprints found on the Pepsi bottle. According to the statements of various other employees, an iPhone, camera, iPod, and money were missing from their desks. Although the missing items were not found, the foregoing leads to a reasonable inference that Foumai took the missing items during the commission of a burglary.

Once the State made a *prima facie* showing, the burden shifted to Foumai to rebut the evidence. Demello I, 130 Hawai'i at 344, 310 P.3d at 1045. Foumai did not testify and did not offer any evidence; he merely argued that the State's evidence was insufficient. In the absence of contrary evidence, the State's showing was sufficient to support the Circuit court's finding that Foumai "did remove the articles complained of." See DeLong v. State, 638 So.2d 1054, 1055 (Fla. Dist. Ct. App. 1994) (restitution based on testimony presented by the State that the victim's property was in the vehicle when it was stolen and not found in the vehicle when it was recovered a few hours later and the lack of testimony by DeLong that the items "were not in the vehicle when he took possession of the car.").

C.

Foumai's argument that imposition of restitution in this case was a violation of his due process rights is also without merit. In Apprendi, "[t]he question presented [wa]s whether the Due Process Clause of the Fourteenth Amendment requires that a determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt." Apprendi, 530 U.S. at 469. The Apprendi court did not address whether imposition of restitution requires the question to be placed before a jury.

Foumai presents no other authority mandating such a result. To the contrary, the federal circuit courts have held that Apprendi and its progeny do not apply to restitution under federal statutes, as they do not depend upon any fact "that increases the maximum penalty" because there is no statutory limit to the amount of restitution that may be imposed. United States v. Milkiewicz, 470 F.3d 390, 403-04 (1st Cir. 2006) (noting that "nine other circuits already have held that judicial fact-finding on restitution is permissible under [United States v. Booker, 543 U.S. 220 (2005)]"); United States v. Day, 700 F.3d 713, 732 (4th Cir. 2012).

In addition, many state courts have found that Apprendi does not apply to an order of restitution for the same reason.

State v. Leon, 381 P.3d 286, 289-90 (Ariz. Ct. App. 2016); People v. Wasbotten, 169 Cal. Rptr. 3d 878, 879-80 (2014); Smith v. State, 990 N.E.2d 517, 521-22 (Ind. 2013); State v. Huff, 336 P.3d 897, 901 (Kan. Ct. App. 2015); Commonwealth v. Denehy, 2 N.E.3d 161, 174-75 (Mass. 2014); State v. Maxwell, 802 N.W.2d 849, 851-52 (Minn. Ct. App. 2011); State v. Clapper, 732 N.W.2d 657, 663-64 (Neb. 2007); State v. Martinez, 920 A.2d 715, 721-22 (N.J. 2007); People v. Horne, 767 N.E.2d 132, 139 (N.Y. 2002); State v. Deslaurier, 371 P.3d 505, 509 (Or. Ct. App. 2016); State v. Kinneman, 119 P.3d 350, 355 (Wash. 2005).

### III. CONCLUSION

For the foregoing reasons, the Amended Judgment of Conviction and Probation Sentence, entered on January 24, 2017 in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, January 22, 2018.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge